UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARISA KULINICH,

            Plaintiff,           CIV. S-03-1155 GEB PAN

     v.

JO ANNE B. BARNHART,           Findings and Recommendation
Commissioner of Social
Security,

            Defendants.

—o○o—

     Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff supplemental security income benefits.

     If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. § 416.920(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. § 416.920(c). Third, the medical evidence

of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. § 416.920(d). Fourth, if the claimant can do his past work benefits are denied. 20 C.F.R. § 416.920(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. § 416.920(f).

Defendant found plaintiff was eligible, suffered from hepatitis C but no listed impairment, that she could not perform her past work but did retain the physical capacity for medium work and, based upon the medical-vocational guidelines, is not disabled.  Tr. 9-16.

This court must uphold the Commissioner's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Commissioner's findings are supported by substantial evidence. Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987). The question is one of law. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance, Bates v. Sullivan, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Richardson, 402 U.S. at 401.  The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the  Commissioner's decision. Gonzalez v. Sullivan, 914 F.2d at 1200.  If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence,  Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

  Plaintiff claims there is no evidence to support the finding plaintiff can perform medium work and that defendant erred in failing to develop the record, rejecting plaintiff's subjective complaints and the opinion of a treating physician.

  When plaintiff applied she identified Dr. Sparti as her treating physician.  Tr. 51.  Dr. Sparti's records are incomprehensible to the court.  Plaintiff claims that Dr. Sparti's records demonstrate many ailments, e.g., "post-CVA," angina, facial neuralgia, post-Bell's palsy, atherosclerosis, history of cholelithiasis, gallstones, history of radiation exposure, hypothyroidism, radicular back pain, osteoarthritis, and liver disease.  The administrative law judge addressed none of these alleged findings though defendant does not now dispute that Dr. Sparti made them.  Plaintiff also points to the opinion

of another physician who has treated plaintiff, Dr. Arnold Greenberg, who reported plaintiff is severely disabled. Tr. 125-128. Defendant contends this record was properly rejected because it was inconsistent with other medical evidence, but does not point to such other evidence or explain why it should be preferred.

Review of the entire record permits no conviction that hepatitis is plaintiff's only severe impairment nor that defendant has properly identified all of the pertinent consequences of the disease upon plaintiff's ability to work. I find the record is inadequately developed and recommend the decision be reversed and remanded to obtain qualified interpretation of the medical evidence and if defendant believes the opinions of treating physicians require further explanation to request it.

These findings and recommendations are submitted to the Honorable Garland E. Burrell, Jr., the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(l). Written objections may be filed within ten days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The failure to file objections within the specified time may waive the right to appeal the District Court's

////

////

////

order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 23, 2005.

                                                   /s/ Peter A. Nowinski
                                                PETER A. NOWINSKI
                                                Magistrate Judge